LAYNE-NEW YORK COMPANY, INCORPORATED, PLAINTIFF-RESPONDENT, v. PRESIDENT HOTEL COMPANY ET AL., DEFENDANTS-APPELLANTS.

Submitted October 14, 1932—Decided March 3, 1933.

Before Justices BODINE and DONGES.

For the defendants-appellants, *Cassman & Gottlieb*.

For the plaintiff-respondent, *Hobart & Minard* (*George S. Hobart* and *Ralph E. Cooper*).

PER CURIAM.

The plaintiff was engaged in the business of developing and installing artesian well systems. W. G. Souders was promoting the development in Atlantic City of the President Apartment Hotel Company. In October of 1925, in behalf of this company, he entered into a contract with the plaintiff for the development of a water system for the Apartment Hotel then being constructed. The contract, not recorded, provided: "That all materials and equipment furnished or installed under this contract are and shall remain the property of contractor, regardless of their mode of attachment, until full payment has been made by purchaser in accordance with the terms hereof." Subsequently, the hotel company became insolvent and receivers were appointed. The plaintiff did not prove its claim. The sale of the property was made subject to whatever rights the plaintiff might have.

After the sale, the plaintiff instituted replevin to recover the pipes, couplings, pumps, &c., installed for the purpose of providing the water. While this action was pending, the company organized to take over the property formerly of the President Apartment Hotel Company, became insolvent and receivers were appointed. By order of the court these receivers were made parties defendant to the present action.

At the trial of the case, the plaintiff proceeded upon the theory that it was entitled to recovery for labor and materials furnished, and they relied then and here upon the case of *Finney* v. *Apgar,* 31 *N. J. L.* 266, and *Mechanical Boiler Cleaner Co.* v. *Kellner et al.,* 62 *Id.* 544; 43 *Atl. Rep.* 599. A sufficient answer to this claim is that there appears to be no privity of contract between the plaintiff and the defendant sued. The contract was made with a former owner of the

property and the labor and materials were furnished to it at its instance and request. If the contract be regarded as one of conditional sale, the plaintiff has no better right of recovery since the well system was affixed to the realty and became part thereof, and the agreement reserving the rights in the plaintiff was not recorded, so that the defendants cannot be charged therewith. *Domestic Electric Co.* v. *Mezzaluna,* 109 *N. J. L.* 574; 162 *Atl. Rep.* 722.

The judgment is reversed, with costs.